Filed 4/30/14  P. v. Martinez CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E057556 |
| v. | (Super.Ct.No. SWF1101997) |
| DIONISIO LEON MARTINEZ, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Dennis A. McConaghy, Judge.  (Retired judge of the Riverside Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Affirmed.

John F. Schuck, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Randall D. Einhorn and Peter Quon, Jr., Deputy Attorneys General, for Plaintiff and Respondent.

1

Following a mistrial, the People were permitted to file a fifth amended information alleging defendant Dionisio Leon Martinez failed to register as a sex offender within five working days of changing his address within a jurisdiction (Pen. Code,[1] § 290, subd. (b), count 1), and defendant failed to register under section 290, subdivision (b), after having suffered a prior conviction for failing to register under former section 290, subdivision (g)(2) (§ 290.018, subd. (b), count 2). A jury found defendant guilty on both counts. The trial court then sentenced defendant to the middle term of two years on count 2, designated count 2 as the principal count, sentenced defendant to the middle term of two years on count 1, and stayed the sentence on count 1 pursuant to section 654.

On appeal, defendant contends the record does not contain substantial evidence to support his convictions. According to defendant, a key witness's testimony did not establish defendant was not living in his last registered address immediately before moving to his most recent apartment and, therefore, he could not be found guilty of failing to register a new address within five working days of moving. We conclude the witness's testimony does establish defendant moved from his last registered address months before moving into this most recent apartment, so we must affirm the judgment.

---

[1] All further statutory references are to the Penal Code.

# I.

## FACTS

Deputy Gray of the Riverside County Sheriff's Department testified that from 2009 to 2011 he was assigned to the Temecula station, during which time one of Gray's primary responsibilities was to register sex offenders. Gray was familiar with defendant because he personally registered him. Gray identified exhibit No. 18 as a sex offender registration form signed by defendant on August 28, 2009. The form indicated defendant registered as living at an address on Kaffirboom Court in Temecula. Among other things, the form signed and initialed by defendant explained he was required to reregister, within five working days of moving to a new address, with the law enforcement agency having jurisdiction over the new address.

Gray identified exhibit No. 19 as a sex offender registration form signed by defendant on July 7, 2010. The form indicated defendant registered as living at 28464 Felix Valdez, apartment 109, in Temecula, which is an address within the jurisdiction of the Temecula sheriff's station. Like exhibit No. 18, this form included the same list of registration duties printed on the back, and included defendant's initials and signature indicating he understood his responsibilities.

Gray identified exhibit No. 20 as a sex offender registration form defendant signed on August 11, 2010, when defendant completed his annual update of his registration two days after his birthday. Like the prior two forms, this one indicated defendant acknowledged he understood his sex offender registration duties. The back of this form

was identical to the one defendant signed one month earlier, and it had no changes in terms of defendant's duties.

Gray also identified exhibit No. 12, a Spanish language sex offender registration form signed by defendant on June 3, 2011. This last form indicated defendant registered as living at 29485 Rancho California Road, apartment 237, in Temecula, which is also an address within the jurisdiction of the Temecula sheriff's station. Like the other forms signed by defendant, this one included defendant's signature and initials next to his sex offender registration duties, indicating he understood those duties.

Finally, Gray testified that during the almost nine-and-a-half-month period between defendant's annual registration in August 2010 and his registration in June 2011, he had no other contact with defendant. When defendant registered on June 3, 2011, he told Gray he had moved from 28464 Felix Valdez Avenue, apartment 109, to 29485 Rancho California Road, apartment 237, within the past five days. Defendant did not tell Gray he lived in a different location before moving to the Rancho California address.

Mr. Lobato testified he and his father, mother, brother, and sister moved into 28464 Felix Valdez Avenue, apartment A 109, in November 2010, and they continued to live there. Mr. Lobato testified he did not know defendant, and defendant did not live with him and his family at that address between November 2010 and May 2011. On cross-examination, Mr. Lobato testified that before moving into apartment 109, he lived in the same apartment complex, in the apartment located above 109.

Detective Williams of the Riverside County Sheriff's Department testified he conducted an investigation to determine whether defendant complied with his duty to register a change of address within five working days of moving. Williams interviewed defendant, during which defendant said he was required to register as a sex offender and he understood his registration duties, including the duty to register a change of address within five working days of a move.

Defendant stipulated he suffered a conviction for indecent exposure on December 22, 2004, which resulted in him being required to register as a sex offender for the remainder of his life, pursuant to section 290. Defendant also stipulated he suffered a prior conviction on June 9, 2005, for failing to register as a sex offender, in violation of former section 290, subdivision (g)(2).

## II.

## DISCUSSION

"'When considering a challenge to the sufficiency of the evidence to support a conviction, we review the entire record in the light most favorable to the judgment to determine whether it contains substantial evidence—that is, evidence that is reasonable, credible, and of solid value—from which a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt.' [Citation.] We determine 'whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' [Citation.] In so doing, a reviewing court 'presumes in support of the judgment the

existence of every fact the trier could reasonably deduce from the evidence.' [Citation.]" (*People v. Edwards* (2013) 57 Cal.4th 658, 715.)

Under section 290, subdivision (b), a person required to register as a sex offender must register with local law enforcement "within five working days of coming into, *or changing his or her residence* within, any city, county, or city and county, or campus in which he or she temporarily resides, and shall be required to register thereafter in accordance with the [Sex Offender Registration Act (SORA)]." (Italics added.) Failure to comply with SORA is punishable as a felony when the conviction which triggered a defendant's registration is itself a felony, and when a defendant has a prior conviction for failing to register. (§ 290.018, subd. (b).)

Defendant contends the People did not prove he failed to register his new address within five working days of moving, so his two convictions cannot stand. His argument is entirely premised on the testimony of Mr. Lobato. As originally transcribed and certified, the reporter's transcript indicated Mr. Lobato testified he lived at 28464 Felix Valdez Avenue, "Apartment A," in Temecula. Mr. Lobato also testified defendant did not live with the Lobato family from November 2010 through May 2011. Because the address given by Mr. Lobato did not correspond to defendant's previously registered address of "28464 Felix Valdez, Apartment 109," defendant contends Mr. Lobato's testimony in no way proves defendant moved from apartment 109 more than five working days before registering his new address of 29485 Rancho California Road, apartment 237, on June 3, 2011.

6

After defendant filed his opening brief, the People contacted the court reporter and asked her to review her transcript notes to determine whether the transcript accurately reflected Mr. Lobato's testimony on page 667. Soon thereafter, the court reporter filed with this court an affidavit dated December 11, 2013, indicating she reviewed her transcript notes and discovered an error on page 667, line 10. The court reporter also filed a corrected page 667, which indicates Mr. Lobato actually testified he lived at "28464 Felix Valdez Avenue in Apartment A 109," not simply "in Apartment A." The corrected page of the reporter's transcript has now been made part of the certified record on appeal. (See *People v. Whitmore* (1967) 251 Cal.App.2d 359, 368, fn. 2.) Notwithstanding the correction to the reporter's transcript, defendant contends Mr. Lobato's testimony still does not establish defendant moved from 28464 Felix Valdez Avenue, apartment *109*, more than five working days before registering his new address on Rancho California Road because he never lived at 28464 Felix Valdez, apartment *A 109*, the address given by Mr. Lobato.

We conclude Mr. Lobato merely misspoke when, on page 667 of the corrected reporter's transcript, he testified he and his family lived "in Apartment A 109." A mere 14 lines down the same page of the transcript, the prosecutor asked Mr. Lobato, "Did the defendant live with you and your family at 28464 Felix Valdez Apartment *No. 109* in Temecula in November of 2010?" Mr. Lobato answered, "No." The prosecutor next asked Mr. Lobato, "Did the defendant live with you and your family at that address, *Apartment 109*, in December of 2010?" Mr. Lobato answered, "No." Finally, the prosecutor asked Mr. Lobato, "Did the defendant live with you and your family in

7

*Apartment 109* in January of 2011?" Once again, Mr. Lobato answered, "No." In response to these questions, Mr. Lobato did not correct the prosecutor and say his correct apartment was A 109.

Likewise, on cross-examination, defendant's appointed counsel asked Mr. Lobato, "And before you moved to Apartment *No. 109*, you lived in another apartment; is that correct?" Mr. Lobato answered, "Yes, that's correct." After asking Mr. Lobato which apartment he previously lived in, defense counsel asked Mr. Lobato, "The apartment below you was *109*, the apartment that you live in now?" Mr. Lobato answered, "Yes." As with the prosecutor's questions, Mr. Lobato did not correct defense counsel and say the correct apartment was A 109.

The prosecutor and defense counsel's questions helped clarify Mr. Lobato's testimony he and his family lived at 28464 Felix Valdez Avenue, apartment 109. Nor was there any dispute at trial on this point. Shortly after Mr. Lobato testified, the trial court and the parties discussed whether defendant would be able to introduce statements he made during his postarrest interview to the effect that, while living in other locations sometime after moving from apartment 109 in November 2010, he was unaware of his duty to register his change of address. During that discussion, the trial court stated its belief defendant's statements were irrelevant to the charge of failing to register a change of address in November 2010, because "[i]t's undisputed that the Lobato family moved into this apartment that [defendant] was claiming [was] his residence in November of 2010," i.e., apartment 109. Defense counsel did not correct the trial judge or otherwise

8

say the address given by Mr. Lobato was not the same as defendant's previously registered address.

Finally, during closing argument, the prosecutor reminded the jury about Mr. Lobato's testimony that since November 2010 he and his family lived at 28464 Felix Valdez Avenue, apartment 109, and defendant never lived with them. Defense counsel did not object that the prosecutor misstated the evidence, and in her own closing argument defense counsel did not argue Mr. Lobato and his family lived in a different apartment than defendant's old apartment.

Defendant contends the prosecutor and defense counsel's follow-up questions to Mr. Lobato, the trial court's observations of the testimony, and the parties' closing arguments are not evidence and may not be considered when determining whether there is substantial evidence to support the judgment. True enough, those matters are not evidence, and the trial court properly instructed the jury to not consider them as such. But we may properly consider the circumstances surrounding a witness's testimony when determining what the evidence in this case actually was. (See, e.g., *People v. Margarejo* (2008) 162 Cal.App.4th 102, 107 ["Counsel's questions themselves are not evidence, but the question's wording typically is relevant to a reasonable interpretation of the witness's answer"].)

When considered in proper context, the record demonstrates: (1) on July 7, 2010 and August 11, 2010, defendant registered as living at 28464 Felix Valdez Avenue, apartment 109; (2) since November 2010, Mr. Lobato and his family lived at 28464 Felix Valdez Avenue, apartment 109; (3) defendant did not live with the Lobato family any

9

time between November 2010 and May 2011; and (4) defendant did not register his new address of 29485 Rancho California Road, apartment 237, until June 3, 2011; therefore, (5) defendant did not register his change of address from 28464 Felix Valdez Avenue, apartment 109, to 29485 Rancho California Road, apartment 237, within five working days of moving, as mandated by section 290, subdivision (b). Because the record contains substantial evidence to support defendant's convictions, we affirm the judgment.

III.

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER
                                                                    Acting P. J.

We concur:


KING
                    J.


MILLER
                    J.

10